IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIELLE DICKERSON,
        Plaintiff,

v.                                     Civil Action No. 3:25cv25

STEPHEN EHIKIAN, Acting Administrator,
U.S. General Services Administration,
        Defendant.

## OPINION

Danielle Dickerson suffered a medical episode at work due to her disability. After the incident, Dickerson informed her supervisor at the General Services Administration ("GSA") that she has a disability. GSA later fired Dickerson. Dickerson now sues GSA alleging that the agency fired her solely due to her disability, in violation of the Rehabilitation Act. *See* 29 U.S.C. § 701 *et seq.* GSA responds that it fired Dickerson not because of her disability, but due to certain performance deficiencies, and moves to dismiss Dickerson's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because Dickerson has plausibly stated a claim under the Rehabilitation Act, the Court will deny GSA's motion.

## I. FACTUAL ALLEGATIONS[1]

Dickerson is a service-disabled veteran who suffers from a thyroid condition, post-traumatic stress disorder, major depressive disorder, and major anxiety disorder. On March 28, 2021, Dickerson began working in a human resources position at GSA. As a new hire, Dickerson faced a one-year probationary period during which GSA would evaluate her ability to meet her positional duties. Alisha Gayle served as Dickerson's supervisor from the start of her employment.

---

[1] The Court draws these facts from the amended complaint and its exhibits.

Dickerson's duties involved promptly responding to a high volume of customer requests for services, among other tasks. Dickerson performed these responsibilities with no issues through the first seven or so months of her employment. In fact, not one record created during Dickerson's first seven months of employment shows that she did not capably perform her job. On November 4, 2021, however, Dickerson experienced a medical episode that caused her to slur her words as she provided a training to colleagues. After the training, Gayle raised performance concerns with Dickerson, particularly as it related to her slurred speech. Dickerson immediately disclosed her thyroid issue to Gayle and explained that the medication she takes for her disability caused her to slur her speech. This was the first time Gayle learned of Dickerson's disabilities.

On November 15, 2021, Gayle sent Dickerson an email stating that customers had reported that Dickerson struggled with her speech due to significant slurring and either was delayed in responding or failed to respond at all to emails. Gayle indicated that she personally observed these same issues herself. Based on these performance concerns and the fast-paced nature of the job, Gayle encouraged Dickerson to contact Octavia Johnson, the Reasonable Accommodation Coordinator, "to explore possible accommodations that would help [Dickerson] effectively perform [her] job duties." (ECF No. 24-2, at 1.) Johnson later sent Dickerson information on GSA's accommodation policy and process on December 15, 2021.

Despite Gayle's concerns, Dickerson continued to meet her performance expectations after November 4, 2021, except in limited instances in which she failed to respond to a customer, Jennifer Smith. Even then, Dickerson's non-responsiveness to Smith did not warrant termination. In fact, other non-disabled employees who worked for Gayle had similarly failed to respond to emails but were not fired or even disciplined. On March 18, 2022, however, Gayle notified Dickerson that GSA had terminated her employment effectively immediately, shortly before the

probationary period expired. Gayle explained that Dickerson's "lack of attention to detail, failure to follow-up with applicants and customers, and . . . failure to exhibit a thorough understanding of [GSA's] various processes has resulted in customer complaints, untimely completion of work assignments," and the reassignment of Dickerson's "work to other staffing specialists." (ECF No. 24-5, at 1.) Gayle then shared examples of this conduct, including the slurred speech incident occurring on November 4, 2021, as well as complaints about Dickerson's non-responsiveness from applicants or customers on June 10, 2021; July 27, 2021; January 3, 2022; and February 3, 2022.

After her termination, Dickerson pursued administrative relief through Equal Employment Opportunity Commission ("EEOC"). Part of these efforts included taking Gayle's deposition. The Administrative Law Judge assigned to Dickerson's case ultimately ordered GSA to conduct a supplemental investigation and provide any correspondence addressing Dickerson's performance or any documentation of customer complaints. Despite this directive, GSA failed to produce any customer complaints or any other documentation to support Gayle's statements describing Dickerson's alleged performance deficiencies.

## II. <u>DISCUSSION</u>[2]

"No otherwise qualified individual with a disability . . . shall, solely by reason of her . . . disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To survive GSA's motion to dismiss, Dickerson must plausibly allege "that she (1) has

---

[2] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must present sufficient facts to state a facially plausible claim for relief. *See Short v. Harman*, 87 F.4th 593, 603 (4th Cir. 2023). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts must accept as true the complaint's factual allegations and draw all reasonable inferences in favor of the non-moving party, but need not accept the veracity of conclusions or threadbare recitals of the cause of action's elements. *Id.*; *Iqbal*, 556 U.S. at 678.

a disability; (2) is otherwise qualified for the employment; and (3) was excluded from that employment due to discrimination solely on the basis of her disability." *Reyazuddin v. Montgomery County, Maryland*, 789 F.3d 407, 418 (4th Cir. 2015); *see Lucas v. VHC Health*, 128 F.4th 213, 220 (4th Cir. 2025). GSA does not dispute that Dickerson has a disability, but it challenges the sufficiency of the amended complaint as to the other two requirements.

"In the employment context, an otherwise qualified person is one who can perform 'the essential functions' of the job in question." *School Bd. of Nassau Cnty., Fl. v. Arline*, 480 U.S. 273, 287 n.17 (1987) (quoting 45 C.F.R. § 84.3(k) (1985)). Dickerson alleges that her job largely involved responding to a high volume of customer requests for services. Dickerson claims that she satisfied these responsibilities with no issue through the first seven months on the job. And even after suffering a medical episode due to her disability on November 4, 2021, Dickerson continued to fulfill her job duties thereafter, save for limited instances in which she failed to respond to Smith. Given that other non-disabled employees similarly missed emails but were not fired or even disciplined, Dickerson claims that her non-responsiveness issues with Smith did not amount to a terminable offense. Taking these allegations as true and drawing all reasonable inferences in favor of Dickerson, as the Court must, Dickerson plausibly states that she could perform the essential functions of the job and, thus, was "otherwise qualified" for her position.

Plaintiffs seeking relief under the Rehabilitation Act also must plausibly state that their disability served as the sole reason for their termination. *See Reyazuddin*, 789 F.3d at 418. Despite her disability, Dickerson states that she performed her job with no issues through the first seven months on the job. In fact, no employment record from before November 4, 2021, indicates that she was not satisfying her job responsibilities, according to Dickerson. Only once Gayle learned of Dickerson's disability did Gayle begin raising performance concerns with her. Even then,

4

Dickerson claims that she continued meeting her job duties. And while Dickerson concedes that she failed to respond to Smith on several occasions after November 4, 2021, she explains that this did not amount to a terminable offense because non-disabled employees who worked for Gayle committed similar transgressions with no repercussions. As alleged, with all reasonable inferences drawn in her in favor, Dickerson has plausibly stated that her disability served as the sole reason for her termination.

As a final note, the Court recognizes GSA's point that Gayle's deposition testimony taken during the EEOC proceedings undermines Dickerson's position in this case. But just because Dickerson attached Gayle's deposition transcript to the amended complaint does not mean that she has adopted the contents therein. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). On the contrary, the allegations in the amended complaint make clear that Dickerson refutes Gayle's testimony. In any event, Gayle's testimony raises factual, merits-based issues better addressed at a later stage of the proceedings. Because the Court's only concern at this point pertains to whether Dickerson has plausibly stated a claim for relief, the Court will allow her claim to proceed, notwithstanding the conflicting assertions she and Gayle have made.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny GSA's motion to dismiss the amended complaint. (ECF No. 27.)

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 19 May 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

5